### UNITED STATES v. OLSTER.

No. 9068.

District Court, M. D. Pennsylvania.

July 3, 1936.

See, also, 15 F.Supp. 625.

Frederick V. Follmer, U. S. Atty., and Arthur A. Maguire, Assistant United States Attorney, both of Scranton, Pa., for the United States.

Ladner & Ladner, of Philadelphia, Pa., for defendant.

JOHNSON, District Judge.

This is a motion to quash an indictment, charging the defendant, David L. Olster, a Deputy Internal Revenue Collector of the United States, with violation of the Internal Revenue Laws, 26 U.S.C.A. § 55 (g).

The indictment contains four counts, each charging a similar offense by the defendant, but involving a different person and at a different time. The substance of the first count is that the defendant, while acting as Deputy Internal Revenue Collector, knowing the amount or source of income, profits, losses, expenditures, and other particulars set forth in the processing tax return of the Federal Cigar Company, Inc., which processing tax return was filed in conformity with the regulations promulgated by the Secretary of Agriculture, by authority of the Agricultural Adjustment Act of 1933 (48 Stat. 31), did knowingly, willfully, and unlawfully divulge to one Samuel Olster the amount of tax due to the government as set forth in the said processing tax return, in a manner not provided by law, the said Samuel Olster being a person not entitled to have divulged to him the said information, all of which the said David L. Olster well knew to be unlawful.

The defendant moved to quash the indictment for the reason that the Agricultural Adjustment Act and all regulations promulgated thereunder have been declared unconstitutional by the Supreme Court of the United States in United States of America v. William M. Butler et al., Receivers of Hoosac Mills Corporation, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914, and for the reason that the indictment is founded upon certain processing tax returns, which are not income returns and, therefore, are not within the provisions of title 26, section 55 (g) of the Internal Revenue

Statute, upon which the indictment was founded.

The government contends that the section of the Internal Revenue Law upon which the indictment was drawn is still subsisting and the invalidating of the Agricultural Adjustment Act had no effect upon said section which denounces the divulging of information by an officer of the government, whether the information was obtained constitutionally or unconstitutionally. The government further contends that the position taken by defendant, that the divulging of information contained in a processing tax return is not such "income return" as is contemplated under the Internal Revenue Laws, is too restrictive of the phrase "any income return," but that such phrase should be interpreted to include a processing tax return.

The question raised by the motion to quash is whether a processing tax return is an "income return" within the meaning of the Internal Revenue Act, 26 U.S.C.A. § 55 (g), making it a crime for a Deputy Internal Revenue Collector to divulge information disclosed "in any income return."

The pertinent part of the statute on which the indictment is founded is as follows: "It shall be unlawful for any collector, deputy collector, agent, clerk, or other officer or employee of the United States to divulge or to make known in any manner whatever not provided by law to any person the amount or source of income, profits, losses, expenditures, or any particular thereof, set forth or disclosed in any income return, * * * and any offense against the foregoing provision shall be a misdemeanor and be punished," etc.

The above provision making it a misdemeanor for employees of the United States to disclose information contained in income returns in a manner not provided by law was last set forth in the General Administrative Provisions of the Revenue Act of 1926, § 1115, 44 Stat. 117. The provisions of that act relating to publicity of returns and authorizing the purposes for which disclosure of returns may be made and the persons entitled to such disclosure was contained in "Title 1—Income Tax," section 257, 44 Stat. 51. The Revenue Act of 1932 and 1934 under "Title 1—Income Tax" cited as the Income Tax Act of 1932 and 1934 respectively in section 55, 47 Stat. 189; 48 Stat. 698, "Publicity of Returns," provides: "(a) Returns made under this title shall be open to inspection in the same man-

ner, to the same extent, and subject to the same provisions of law, including penalties, as returns made under Title II of the Revenue Act of 1926." Under the same title of those two acts, section 61 provides that: "All administrative * * * provisions of law *, * * so far as applicable, are hereby extended to and made a part of this title [chapter]." (26 U.S.C.A. § 61 and note.)

The Act of April 19, 1935, 49 Stat. 158, 26 U.S.C.A. § 55 (b), which amends section 55 (b) of the Revenue Act of 1934, provides: "All income returns filed under this title [chapter] * * * shall be open to inspection by any official, body, or commission," etc.

In construing the penal provision of the act making it a misdemeanor to disclose information from an income return in a manner not provided by law, regard must be had to the sections of the same act providing for the lawful manner of disclosing such information. This principle is well stated in United States v. Katz et al. (D.C.) 5 F.(2d) 527, at page 528: "In construing a section of an act, regard must first be had to the language of the clause itself, and, second, to other clauses in the same act, and that construction should be adopted which makes the whole act stand consistently together or reduces the inconsistency to the smallest possible limits."

Regard must also be had to the rules that penal statutes should be strictly construed and will not be enlarged by implication or intendment 59 C.J. § 659, p. 1113.

The penal provision of the Revenue Act upon which the indictment is based uses the broad term "any income return," making it unlawful to disclose information therefrom in a manner not provided by law. When this provision is construed with the other sections of the same act to determine what is the lawful manner of disclosing information, such sections are found under "Title 2—Income Tax" and the term "returns" made under this title must necessarily mean income tax returns. This is further confirmed by the act of 1935, supra, which amends the Revenue Act of 1934, section 55 (b) found under "Title 1—Income Tax" where it provides: "All income returns filed under this title [chapter] * * * shall be open to inspection." It follows that when Congress used the terms "returns" and "income returns" in providing the lawful manner of disclosing information from

income tax returns, Congress also meant income tax returns when in the same act it used the term "any income return" in providing the punishment for the unlawful disclosure of information therefrom. The term "any income return," especially when contained in a penal statute, must be confined to the returns required to be made under the Revenue Act of which it is a part, and cannot be extended to include processing tax returns required by the Agricultural Adjustment Act, a totally different act. The returns required by that act were for excise taxes, not income taxes. Such returns could not be considered as income tax returns nor could they be extended to mean an "income return" since they did not disclose any income, unless the meaning of income were unduly strained, and such construction cannot obtain in dealing with a criminal statute.

And now it is ordered that the motion to quash the indictment be and hereby is sustained and the indictment is quashed.

See, also, 15 F.Supp. 623.