## UNITED STATES v. OLSTER et al.
### No. 9069.

District Court, M. D. Pennsylvania.

July 3, 1936.

See, also, 15 F.Supp. 623.

Frederick V. Follmer, U. S. Atty., and Arthur A. Maguire, Asst. U. S. Atty., both of Scranton, Pa., for the United States.

Ladner & Ladner, of Philadelphia, Pa., for defendant David L. Olster.

Harry Berkowitz, of Philadelphia, Pa., for defendant Samuel Olster.

JOHNSON, District Judge.

This case comes before the court on motions by the defendants to quash an indictment against them.

The indictment contains two counts, each charging a similar offense, but involving a different party. The substance of the first count is that the Federal Cigar Company, Inc., was required to file and did file certain necessary tax returns in conformity with the regulations promulgated by the Secretary of Agriculture by authority of the Agricultural Adjustment Act of 1933 (48 Stat. 31); that David L. Olster, while acting as deputy internal revenue collector, and in such position knowing the matter and contents of the said processing tax returns, "did, by and through one Samuel Olster, furnish certain information and render certain services to the said Federal Cigar Company, Inc., by informing and advising it * * * of the status of its processing tax returns and that the said Federal Cigar Company, Inc., was, upon the matters contained in said processing tax returns entitled to a refund for over-payment of taxes"; that thereafter the said David L. Olster did prepare for the said Federal Cigar Company, Inc., amended returns and claims for credit of overpayment in the sum of $4,-476.21, which amended returns and claims for overpayment were duly filed with the United States Collector of Revenue by the Federal Cigar Company, Inc., pursuant to the advice and services of the said David L. Olster; that the said David L. Olster, dur-

ing his continuance in office as such deputy internal revenue collector, "wrongfully and unlawfully did receive certain compensation from the said Federal Cigar Company, Inc., that is to say $1,000.00 for the services so rendered, and to be rendered by him * * * in relation to said processing taxes due to the United States of America, and proceedings, claims, matters and things aforesaid, in which the said United States of America was a party and directly interested, and the said Samuel Olster, did, then and there, knowingly, wilfully and unlawfully aid and abet the said David L. Olster * * * to receive, wrongfully and unlawfully, certain compensation, to wit, $1,000.00 from the said Federal Cigar Company, Inc. * * * knowing that the said services of David L. Olster * * * were in relation to said processing taxes due to the United States of America * * * the same being proceedings * * * in which the United States of America was a party and directly interested therein. * * * "

■ Each of the defendants moved to quash the indictment for the reasons that the indictment fails to charge any offense against the United States on the part of either defendant; that by reason of the unconstitutionality of the Agricultural Adjustment Act and all regulations thereunder, no criminal offense is charged in that by reason of said unconstitutionality the United States is neither a party nor directly or indirectly therein concerned; that the indictment charges an alleged commission of an offense by and through an agent, and is therefore of no effect.

The government contends that the indictment is based, not upon the Agricultural Adjustment Act, but upon section 113 of the Criminal Code, 18 U.S.C.A. § 203, making it unlawful for any person in the employ of the United States to receive compensation for services rendered to any person in relation to any proceeding in which the United States is a party or directly or indirectly interested, which act is still subsisting; that the rehearsal in the indictment of the means used by the defendant David L. Olster does not invalidate the indictment; that whether the proceeding or claims in which the United States has an interest is subsequently found to be invalid is of no importance since the criminal act depends upon the receiving of compensation for services rendered in relation to any proceeding in which the United States has an interest; that the charging part of the indictment contains no charge of an offense through an agent.

The statute on which the indictment is based, 18 U.S.C.A. § 203, is as follows: "Whoever * * * being the head of a department, or other officer or clerk in the employ of the United States, shall, directly or indirectly, receive, or agree to receive, any compensation whatever for any services rendered or to be renderd to any person, either by himself or another, in relation to any proceeding, contract, claim, controversy, charge, accusation, arrest, or other matter or thing in which the United States is a party or directly or indirectly interested, before any department, court-martial, bureau, officer, or any civil, military, or naval commission whatever, shall be fined," etc.

The United States was still a party to the proceeding and interested therein notwithstanding the fact that the Agricultural Adjustment Act, 48 Stat. 31, was declared unconstitutional. Its interest did not immediately and finally cease when the act was declared unconstitutional. It was interested, for example, in retaining taxes that could not be lawfully returned, and in returning the taxes that were lawfully claimed, less proper charges for disbursement. The offense charged did not depend upon the validity of the pending proceeding; the gist of the crime is the wrong done to the people by corruption in public office, to wit, the receipt of money by an officer of the United States for services to any person in relation to any proceeding in which the United States is a party, or directly or indirectly interested. Certainly the corruptness of the defendants' acts and the wrong done the government and the people was not lessened by a subsequent determination that the processing taxes were invalid.

The crime of bribery defined in section 117 of the Criminal Code (18 U.S.C.A. § 207) has been held to belong to the same class of crimes as the one charged in this case, section 113 of the Criminal Code (18 U.S.C.A. § 203). Egan v. United States, 52 App.D.C. 384, 287 F. 958. In Fall v. United States, 60 App.D.C. 124, 49 F.(2d) 506, 509, the offense charged was bribery. The court there said: "Whether the pending matter is valid or not becomes immaterial, since the acceptance of the bribe is to do an unlawful act." And so in this case the receipt of money for the services rendered is to do an unlawful act. Section 113 of the Criminal Code (18 U.S.C.A. § 203) requires only that the services rendered, for which money is received, be "in relation to" a proceeding in which the United States is

interested, whether or not the pending matter is valid.

The indictment does not charge, as the defendants contend, the commission of an offense by and through an agent. It is true that in certain recitals the indictment alleges that the defendant David Olster did by and through the defendant Samuel Olster advise the Federal Cigar Company, Inc., that it was entitled to a refund for overpayment of taxes, but that is not the crime charged by this indictment and it is not an offense under 26 U.S.C.A. § 55 (g) as this court has held in United States of America v. David L. Olster, 15 F.Supp. 623. The offense here charged is the receipt of money for services, 18 U.S.C.A. § 203, and nowhere does the indictment charge the commission of this offense through an agent.

And now it is ordered that the motions to quash the indictment be and hereby are denied.